UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALAN KREILEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:17-cv-03357-JMS-MPB |
| ) | |
| BRUCE LEMMON Commissioner, Indiana ) | |
| Dept of Corrections, ) | |
| GWENDOLYN HORTH Chair, Indiana ) | |
| Parole Board, ) | |
| CHARLES MILLER Member, Parole Board, ) | |
| THOR MILLER Member Parole, ) | |
| FREDERICK MEDLEY Member Parole, ) | |
| ANTHONY KING Parole Agent, ) | |
| VIRGIL MADDEN Member Parole Board, ) | |
| DAVID SLOAN Parole Agent, ) | |
| ) | |
| Defendants. ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Alan Kreilein is an inmate at the Correctional Industrial Facility. He brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants, the Commissioner of the Indiana Department of Correction and Indiana Parole Board members, have violated his rights under the *Ex Post Facto* clause of the United States Constitution by labeling him an offender against children. He also asserts that his underlying crime was not committed against a child and he has a liberty interest in not being labeled an offender against children.

**I. Screening Standard**

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or

malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint, some claims will proceed while others must be dismissed.

First, the plaintiff's claim under the *Ex Post Facto* Clause of the United States Constitution fails to state a claim. The United States Constitution "prohibits both federal and state governments from enacting any '*ex post facto* Law.'" *Peugh v. United States*, 133 S. Ct. 2072, 2081 (2013) (citing Art. I, § 9, cl. 3; Art. I, § 10). "The [Supreme] Court has emphasized [that a] . . . civil regulatory regime will implicate *ex post facto* concerns only if it can be fairly characterized as punishment." *United States v. Leach*, 639 F.3d 769, 772 (7th Cir. 2011) (citations and quotation marks omitted). Simply put, "[t]o violate the Ex Post Facto Clause . . . a law must be both retrospective *and* penal." *Id.* The plaintiff's allegations do not show that the changes created by the law at issue are penal. "[W]hether a comprehensive registration regime targeting only sex offenders is penal . . . is not an open question," given that the Supreme Court in *Smith v. Doe*, 538 U.S. 84 (2003), held that "an Alaska sex offender registration and

notification statute posed no *ex post facto* violation because it was a civil, rather than penal, statute." *Leach*, 639 F.3d at 773. Moreover, the Seventh Circuit has held that the federal registration statute, the Sex Offender Registration and Notification Act, "is not an *ex post facto* law." *Id.* To the extent that the plaintiff contends that the Indiana Supreme Court has held that this law violates Indiana law as applied to him, such holding provides no support for a conclusion that it violates his rights under the *Ex Post Facto Clause* of the United States Constitution.

Next, any claim against Bruce Lemmon, Commissioner of the Indiana Department of Correction, is **dismissed** because the plaintiff does not assert that Lemmon personally participated in the actions at issue. *See Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted).

In addition, any claim against members of the Indiana Parole Board for damages must be **dismissed** because parole board members have absolute immunity for actions taken in their capacities as parole board members. *Walrath v. United States*, 35 F.3d 277, 280 (7th Cir. 1994).

What remains is Kreilen's claim that the Parole Board violated his due process rights by labeling him as an offender without children. This claim **shall proceed** against Gwendolyn Horth, the chair of the Indiana Parole Board, in her official capacity, as a claim for injunctive relief.

This summary of remaining claim includes the only viable claim identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through February 9, 2018,** in which to identify those claims.

### III.  Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### IV. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendant Gwendolyn Horth in the manner specified by Rule 4(d). The **clerk shall terminate** all other defendants. Process shall consist of the complaint, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 1/10/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Alan Kreilein
871626
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

Gwendolyn Horth
Indiana Parole Board
Room W466
402 W. Washington Street
Indianapolis, IN 46204