UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ALAN KREILEIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:17-cv-03357-JPH-MPB |
| ) | |
| COMMISSIONER, Indiana Department of ) | |
| Correction, ) | |
| GWENDOLYN HORTH Chair, Indiana ) | |
| Parole Board, ) | |
| ) | |
| Defendants. ) | |

**ENTRY**

Plaintiff Alan Kreilein, an inmate at the Correctional Industrial Facility, brought this action pursuant to 42 U.S.C. § 1983 alleging that the defendants have violated his rights by labeling him an offender against children. On December 27, 2018, Mr. Kreilein filed a Motion to Amend the Defendants' Status in their Capacities. Dkt. 63.

Mr. Kreilein's complaint was screened as amended in the Entry of May 29, 2018. Dkt. 40. Based on the Court's screening, Mr. Kreilen's claim that his label as an "offender against children" violates his right to due process under the United States Constitution and his rights under the Ex Post Facto Clause of the Indiana Constitution are proceeding against Gwendolyn Horth and the Commissioner of the Indiana Department of Correction in their official capacities. Additionally, the claim that his label as a "sexually violent predator" violates his right to due process under the United States Constitution is proceeding against Gwendolyn Horth and the Commissioner of the Indiana Department of Correction in their official capacities.

In his motion to amend the defendants' status in their capacities, Mr. Kreiliein states that the defendants have gone "over and above their official duties and have been malicious in their zeal to violate [his] rights." Dkt. 63. He therefore asks that they be held liable in their personal capacities. But parole board members have absolute immunity for actions taken in their capacities as parole board members. *See Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018) ("Probation and parole officials are entitled to absolute immunity 'for their activities that are analogous to those performed by judges.") (quoting *Dawson v. Newman*, 419 F.3d 656, 662 (7th Cir. 2005)). In addition, in its screening entries the Court explained that, by failing to allege that the Commissioner of the Indiana Department of Correction did not personally participate in the alleged violations of his rights, he had failed to state a claim against him. *See Colbert v. City of Chicago,* 851 F.3d 649, 657 (7th Cir. 2017) ("Individual liability under § 1983… requires personal involvement in the alleged constitutional deprivation."). Thus, while Mr. Kreilein may pursue a claim against the Commissioner in his official capacity because the Department of Correction is responsible for identifying individuals for placement on the sex offender registry, he still has failed to state a claim against the Commissioner in his personal capacity.

For these reasons, Mr. Kreilein cannot state a claim against the defendants in their individual capacities. His motion to amend the defendants' status, dkt. [63], is therefore **DENIED**.

**SO ORDERED.**
Date: 1/25/2019

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ALAN KREILEIN
871626
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY

2

Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel