# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| ALAN KREILEIN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|    v. | )   Case No.: 1:17-cv-3357-JPH-MPB |
| | ) |
| COMMISSIONER, INDIANA | ) |
| DEPARTMENT OF CORRECTION, | ) |
| GWENDOLYN HORTH, | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM IN SUPPORT OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants Robert E. Carter, Jr. and Gwendolyn Horth, by counsel, submit this Memorandum in Support of their Motion for Summary Judgment [Dkt. 95] and requests that judgment be entered in their favor on all claims made by Plaintiff, Alan Kreilein.

### I. Introduction

Plaintiff is a sex offender incarcerated with the Indiana Department of Correction ("IDOC"). On June 1, 2015, Plaintiff was released on parole and explained his registration and parole requirements as a result of his 2004 conviction for Criminal Deviate Conduct. At the time of Plaintiff's release onto parole, he was classified as a "sexually violent predator" ("SVP") by operation of Indiana law and based on his conviction he was identified as an "offender against children" on the Indiana Sex Offender Registry. On January 5, 2016, Plaintiff was arrested and charged with violating a number of his requirements on parole. Plaintiff pled guilty to his parole violations, and as a result his parole was revoked and the Parole Board assessed him a period of his time until his next parole appearance to be served within the IDOC. Although Plaintiff has

since been in the control of the IDOC and has never had to abide by any sex offender restrictions outside of the conditions of his parole, he claims his designation as a SVP and offender against children violate his federal due process rights and that his designation as an offender against children violates the Ex Post Facto Clause of the Indiana Constitution.

Both claims against Defendant Horth and the Commissioner of the Indiana Department of Correction in their official capacities are for injunctive relief only. [Dkt. 68, p. 2]; [Dkt. 26]; [Dkt. 40]; [Dkt. 42.] As explained in more detail below, Defendants are entitled to summary judgment in their favor on all of Plaintiff's claims.

## II. Statement of Material Facts Not In Dispute[1]

The record in this case and the exhibits filed with Defendants' Motion for Summary Judgment [Dkt. 95] show the following undisputed material facts:

1. Plaintiff is currently confined at the Correctional Industrial Facility. *See* Ind. Dep't of Corr., Offender Search, https://www.in.gov/apps/indcorrection/ofs/ofs (search Offender Number 871626).[2]

2. On September 17, 2004, Plaintiff pled guilty to Criminal Deviate Conduct as a Class A felony in Cause No. 82D02-0405-FB-416 and was sentenced to thirty-years to be served within the IDOC. [Dkt. 95-1, ¶¶ 4–5]; [Dkt. 95-2, pp. DEF 0026, DEF 0095–0098.]

3. Plaintiff was not informed he would be classified as a "sexually violent predator" ("SVP") or an offender against children prior to the entering of his plea agreement in Cause No.

---

[1] Defendants accept these facts as true for the purpose of summary judgment only.
[2] Pursuant to Fed. R. Evid. 201, a court shall take judicial notice of a fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." The offender database is maintained by the Indiana Department of Correction as indicated on the website and was last updated today (04/25/2019). *See Denius v. Dunlap*, 330 F.3d 919, 926–27 (7th Cir. 2003) (explaining that judicial notice of military personnel records was proper).

Cause No. 82D02-0405-FB-416. [Dkt. 35, ¶ 3]; [Dkt. 95-1, ¶¶ 4–5]; [Dkt. 95-2, p. DEF 0095–0098.]

4. Plaintiff's conviction for Criminal Deviate Conduct was a result of a crime committed against a 35-year-old woman. [Dkt. 95-1, ¶¶ 4–5]; [Dkt. 95-2, p. DEF 0083.]

5. On January 8, 2015, Plaintiff signed a Notice of Intent to Provide Information to Sex and Violent Offender Registry and Right to Appeal indicating that he was required to register as a Sex Offender, an SVP, and an offender against children based on his offense for Criminal Deviate Conduct. [Dkt. 95-3]; [Dkt. 95-4.]

6. On May 29, 2015, Plaintiff was presented with State Form 49108, Special Stipulations for Sex Offenders and his Parole Release Agreement; plaintiff signed both forms. [Dkt. 95-1, ¶¶ 4–5]; [Dkt. 95-2, p. DEF 0067.]

7. Plaintiff was released onto mandatory parole on June 1, 2015. [Dkt. 95-1, ¶¶ 4–5]; [Dkt. 95-2, pp. DEF 0054, 0061.]

8. On January 11, 2016, Plaintiff was charged with three violations of his parole, 10-8 (Possession of Obscene Material), 10-10 (Unapproved Computer or Electronic Device Usage), and 10-12 (Possess or use of Alcohol or Illegal Controlled Substance). [Dkt. 95-1, ¶¶ 4–10] [Dkt. 95-2, pp. DEF 0067–0068.]

9. Plaintiff signed a written waiver of his right to a preliminary hearing and pled guilty to all three of his violations of parole on January 12, 2016. [Dkt. 95-1, ¶ 8] [Dkt. 95-2, p. DEF 0072.]

10. Plaintiff received and signed his Notice of Parole Violation hearing on March 2, 2016. [Dkt. 95-1, ¶¶ 4–5]; [Dkt. 95-2, p. DEF 0057.]

11. Plaintiff again pled guilty to all three parole violations at his final parole hearing on March 8, 2016. [Dkt. 95-1, ¶ 10]; [Dkt. 95-2, p. DEF 0054.]

12. The Indiana Parole Board assessed Plaintiff the remainder of his sentence to be served in the Indiana Department of Correction. [Dkt. 95-1, ¶¶ 4–5]; [Dkt. 95-2, p. DEF 0055.]

13. Defendant Horth is the Chair of the Indiana Parole Board. [Dkt. 95-2, pp. DEF 0001, 0037, 0056.]

14. Defendant Carter is the Commissioner of the IDOC. *See* IDOC, Commissioner's Office, https://www.in.gov/idoc/2347.htm (detailing that the current commissioner is Robert E. Carter, Jr.).[3]

15. Plaintiff believes that he should have been assessed by a psychologist and informed of his SVP designation during his criminal proceeding. [Dkt. 35, ¶¶ 5–6.]

16. Plaintiff believes he should not be classified as an offender against children because he did not commit a crime against a child. [Dkt. 33, p. 7]; [Dkt. 42, p. 1.]

17. Plaintiff's current projected release date from the IDOC is August 29, 2025. [Dkt. 95-1, ¶ 11.]

### III. Summary Judgment Standard

Rule 56(c) of the Federal Rules of Civil Procedure allows a party to move for summary judgment if it can demonstrate to the court that there is no genuine issue of material fact and that the moving party is entitled to judgment in its favor as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catratt,* 477 U.S. 312, 322 (1986). The substantive law underlying the claim defines which facts are material, and the Court should only refrain from granting the motion when

---

[3] Under Fed. R. Evid. 201, the Court shall take judicial notice of this fact as it is not subject to reasonable dispute and capable of accurate and ready determination by sources whose accuracy cannot be reasonably questioned. *Denius v. Dunlap*, 330 F.3d 919, 926–27 (7th Cir. 2003).

there are "disputes over facts that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986).

The moving party has the initial burden of production to "demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. Once the moving party has met this burden, the party opposing a motion for summary judgment must establish the existence of a genuine issue for trial. Fed. R. Civ. P. 56(e); *Lujan v. National Wildlife Federation*, 497 U.S. 871, 874 (1990). The non-moving party may not rely on the mere allegations of its pleadings to defeat the motion for summary judgment. Fed R. Civ. P. 56(e); *Celotex*, at 324. The non-moving party may not defeat the motion for summary judgment by an incantation that a supporting affidavit lacks credibility. *Walter v. Fiorenzo*, 840 F.2d 427, 434 (7th Cir. 1988). If the non-moving party fails to establish the existence of an essential element of the case on which it bears the burden of proof at trial, summary judgment is appropriate. *Celotex*, 477 U.S. at 322.

### IV. Analysis

Summary judgment is appropriate because each of Plaintiff's claims, as addressed in turn below, fail as a matter of law. There are no genuine issues of material fact, and Defendants are entitled to judgment in their favor.

**A. Defendants are entitled to summary judgment for any claims related to a violation of Plaintiff's federal due process rights.**

A procedural due process claim requires the court to engage in a two-fold analysis. *Brown v. City of Michigan City, Ind.*, 462 F.3d 720, 728 (7th Cir. 2006). "First, we must determine whether the plaintiff was deprived of a protected interest, either liberty or property; second, we must determine what process is due." *Id.* (citing *Pugel v. Bd. of Trustees of Univ. of Ill.*, 378 F.3d 659, 662 (7th Cir. 2004). In *Mathews v. Eldridge*, the Supreme Court explained how to determine the "specific dictates of due process" and advised considering the following:

three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. 319, 335 (1976). Plaintiff's complaint regarding his designation is two-fold: (1) he was not individually evaluated to be a "person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense" and (2) his criminal conviction for Criminal Deviate Conduct was not a result of a crime against a child. (Dkt. 33, p. 7) (Dkt. 35, ¶¶ 5–6.) Here, Plaintiff does not claim any property interest in his Complaint or Amended Complaint (Dkt. 35), thus, the only analysis necessary is what constitutes a liberty interest and whether Plaintiff was entitled to and received any process he was due in relation to that liberty interest.

### 1. Plaintiff has a liberty interest.

"[M]ere injury to reputation, even if defamatory, does not constitute the deprivation of a liberty interest." *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 6–7 (2003) (citing *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 155, 47 L.Ed.2d 405 (1976)). Rather, as the court in *Schepers v. Commissioner*, 691 F.3d 909 (7th Cir. 2012), explained, "it is the alteration of legal status, in the sense of a deprivation of a right previously held under state law, that when 'combined with the injury resulting from the defamation, justified the invocation of procedural safeguards.'" 691 F.3d at 914 (quoting *Paul v. Davis*, 424 U.S. at 708–09). This need to show both an alteration of legal status and some stigmatic or reputation injury is referred to as the "stigma plus test." *Id.* The court in *Schepers* held that a designation of being a SVP was enough to implicate a liberty interest. *Id.* Here, Plaintiff claims that his designation as a SVP and an offender against children are in violation

of the Due Process Clause of the Fourteenth Amendment. Thus, Plaintiff has invoked a liberty interest that is protected by due process.

> 2. **All of the required process has already been afforded to Plaintiff.**

To determine if Plaintiff has been afforded whatever process he is due, three factors must be analyzed: "First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

Here, Plaintiff's interest is to not be erroneously classified as a SVP and an offender against children. (Dkt. 33, p. 7) (Dkt. 35, ¶¶ 5–6.) The Government's interest is to rehabilitate sex offenders as well as monitoring sex offenders once they re-enter society. *McKune v. Lile*, 536 U.S. 24, 33 (2002). Further, as will be explained below, the risk of erroneous deprivation is low because of the appeal process afforded to those placed on the registry. *See Henderson v. Ahitow*, 1995 WL 709254, at *2 (7th Cir. Nov. 30, 1995) ("Although written statements may provide less due process protection than oral statements, in prison disciplinary hearings written statements nonetheless provide adequate protection, at least where ... the prisoner is literate in English and able to coherently present arguments in writing."); *contra Toney-El v. Franzen*, 777 F.2d 1224, 1229 (7th Cir. 1985) ("Procedural due process does not require a full blown adversarial hearing in every situation.").

It appears Plaintiff is challenging his placement on the registry as a SVP and an offender against children and is asserting that he did not receive proper process for those designations. (Dkt. 33, p. 7) (Dkt. 35, ¶¶ 5–6.) However, the Seventh Circuit has found that the only procedural

safeguard to being placed on the sex offender registry is through an offender's opportunity to challenge the charges against them via the criminal justice system. *See Murphy v. Rychlowski*, 868 F.3d 561, 566 (7th Cir. 2017) (citing *Connecticut Dep't of Pub. Safety*, 538 U.S. at 7). Plaintiff had the opportunity to have a full-blown criminal trial when he was convicted for Criminal Deviate Conduct in 2004, but chose to plead guilty. [Dkt. 95-2, pp. DEF 0026, DEF 0095–0098.] Further, if Plaintiff believed he was wrongfully convicted or did not enter a voluntary plea agreement, he was able to challenge his conviction by filing an appeal, a petition for habeas relief under 28 U.S.C. § 2254, or an Indiana post-conviction challenge under Indiana's Post-Conviction Rules.

The Court in *Connecticut Dep't of Pub. Safety*, also foreclosed Plaintiff's challenge and reasoned that "due process does not require the opportunity to prove a fact that is not material to the State's statutory scheme." *Id.* at 54; *see also id.* at 8 (Scalia, J., concurring) ("a validly enacted statute suffices to provide all the process that is due") (internal quotations omitted); *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915) ("General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard."). Here, Plaintiff seeks to prove that he does not fit the definition of a SVP and did not commit a crime against a child, however, under Indiana's current statutory scheme, those determinations are irrelevant. (Dkt. 33, p. 7) (Dkt. 35, ¶¶ 5–6.)

Indiana Code § 35-38-1-7.5(a) defines a "sexually violent predator" ("SVP") as "a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense[.]" Section 7.5 further elaborates on how a person is designated as a SVP and states: "(b) A person who: (1) being at least eighteen (18) years of age, commits an offense described in: . . . (B) IC 35-42-4-2 (before its repeal) . . . is a sexually violent predator." Indiana Code 35-42-4-2, although repealed in 2014, details a conviction for Criminal Deviate

8

Conduct. *See* Ind. Code § 35-42-4-2 (1998). Further, Indiana Code § 35-38-1-7.5(b) provides that "Except as provides in subsection (g) or (h), a person is a sexually violent predator by operation of law if an offense committed by the person satisfies the conditions set forth in subdivision (1) or (2) and the person was released from incarceration, secure detention, probation, or parole for the offense after June 30, 1994." Subsection (g) of Indiana Code § 35-38-1-7.5 allows a person to challenge their designation as a SVP ten years after the person is released from incarceration or secure detention once per year. Ind. Code § 35-38-1-7.5(g)(2). And finally, subsection (h) carves out an exception to being declared a SVP if one meets all of the conditions listed, one of those conditions being "[t]he offense committed by the person was not any of the following: . . . (B) Criminal deviate conduct (IC 35-42-4-2) (before its repeal)." Ind. Code § 35-38-1-7.5(h)(4).

Accordingly, even if Plaintiff does not fit the definition of "a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense," the Indiana Code has a method for determining what offenses classify an offender as a SVP by operation of law. The Indiana Code further has both exceptions and a process to challenge such an application. *See* Ind. Code § 35-38-1-7.5(g) and (h). There is no separate determination by the IDOC. *See Vickery v. State*, 932 N.E.2d 678 (Ind. Ct. App. 2010) (determination of sexually violent predator status is made by operation of law and not by the Department of Correction). Thus, as the Court in *Connecticut Dep't of Pub. Safety* held that Plaintiff's dangerousness was irrelevant because he was required to register as a sex offender by operation of law, so too must the Court here hold that whether Plaintiff fits that definition is immaterial because he is a SVP by operation of Indiana law based on his 2004 conviction. [Dkt. 95-2, pp. DEF 0026, DEF 0095–0098.]

9

Plaintiff's designation as an offender against children is also by operation of law and whether he committed a crime against a child is immaterial to that determination. Indiana Code § 35-42-4-11 defines a "offender against children" as "a person required to register as a sex or violent offender under IC 11-8-8 who has been: (1) found to be a sexually violent predator under IC 35-38-1-7.5" and the statute provides a way for an offender to petition the court ten years after the person is released from incarceration or parole once per year. Ind. Code § 35-42-4-11(a) and (d). Thus, as these facts are immaterial to the application of Indiana's Sex Offender Registry schemes to Plaintiff because of his conviction for Criminal Deviate Conduct, no additional process is due to Plaintiff. *See Vasquez v. Foxx*, 895 F.3d 515, 524 (7th Cir. 2018).

Moreover, Plaintiff has been afforded additional due process through his receipt of the "Notice of Intent to Provide Information to Sex and Violent Offender Registry and Right to Appeal." [Dkt. 95-4.] In fact, Plaintiff even admits he appealed this notice. (Dkt. 33, p. 7.) In addition, after Plaintiff violated his parole requirements, he was given the opportunity to be heard twice regarding these specific violations and chose to waive the first hearing, pled guilty to his violations and appeared before the Indiana Parole Board for his final hearing and there again pled guilty. [Dkt. 95-1, ¶¶ 8–10.]

At this point, Plaintiff has received an opportunity for a full criminal trial, the opportunity to appeal his conviction, the opportunity to later challenge his conviction via a habeas petition, notice of his registration requirement, an appeal of that notice, and a full parole board hearing all before he has even been required to abide by any conditions as a result of registration requirement and/or designations. In addition, Plaintiff is currently incarcerated and a search of the Indiana Sex Offender Registry reveals that he is not even on the registry at this time, *see* Indiana Sex and Violent Offender Registry, http://www.icrimewatch.net/index.php?AgencyID=54663 (search by

name "Alan Kreilein"),[4] and thus, he will again get Notice and an opportunity to appeal his registration requirement prior to being placed on the registry. *See, e.g.,* [Dkt. 95-4.] Accordingly, summary judgment should be granted in Defendants' favor as to any claim of a procedural due process violation.

    3.    **Any possible substantive due process challenge would also fail.**

Although it does not appear Plaintiff raises a substantive due process claim, to the extent this Court analyzes Plaintiff's complaint to assert such a claim, Defendants are entitled to summary judgment on that claim as well. In explaining substantive due process, the Supreme Court has noted,

> the Due Process Clause specially protects those fundamental rights and liberties which are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed .... Our Nation's history, legal traditions, and practices thus provide the crucial guideposts for responsible decisionmaking, that direct and restrain our exposition of the Due Process Clause. As we stated recently in [*Reno v.*] *Flores* [507 U.S. 292, 113 S.Ct. 1439, 123 L.Ed.2d 1 (1993) ], the Fourteenth Amendment forbids the government to infringe ... fundamental liberty interests at all, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest.

*Brown*, 462 F.3d at 732 (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720-21 (1997). The Supreme Court has also noted that we must be reluctant to expand the concert of substantive due process and as a result there is only a narrow category of recognized "fundamental" rights and they include:

> the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion[.] We have also assumed, and strongly suggested, that the Due Process

---

[4] Pursuant to Fed. R. Evid. 201, a court shall take judicial notice of a fact that is "not subject to reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot be reasonably questioned." The Indiana Sex and Violent Offender Registry is maintained by the Indiana Department of Correction pursuant to Indiana Code § 11-8-2-5(12) and is updated instantaneously as indicated on the website's homepage. *See Denius v. Dunlap*, 330 F.3d 919, 926–27 (7th Cir. 2003) (explaining that judicial notice of military personnel records was proper).

Clause protects the traditional right to refuse unwanted lifesaving medical treatment.

*Id.* (quoting *Glucksberg*, 521 U.S. at 720. Notably, the right to enter a library or to live in a certain place is not listed. Thus, heightened scrutiny cannot apply. *See Vasquez*, 895 F.3d at 524-25 (holding that heightened scrutiny did not apply to analyze a law imposing residency requirements for a sex offender) (citing *United States v. Windsor*, 570 U.S. 744, 770 (2013); *U.S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 556-58 (1973)).

The statutes that Plaintiff complains of are the statute designating him a SVP (Ind. Code § 35-38-1-7.5) and the statute indicating SVPs are offenders against children (Ind. Code § 35-42-4-11). The SVP statute simply requires the offender to register as an SVP, while the offender against children statute makes it a crime to live within one thousand feet of a school, youth program center, or public park. Ind. Code §§ 35-38-1-7.5, 35-42-4-11. Accordingly, the analysis in *Vasquez* is applicable here and both laws must merely pass rational basis scrutiny. 895 F.3d at 525.

The rational basis test is whether each laws intrusion upon liberty is rationally related to a legitimate government interest. *Id.*; *Hayden ex rel. A.H. v. Greensburg Cmty. Sch. Corp.*, 743 F.3d 569, 576 (7th Cir. 2014). As the court recognized in *Doe v. City of Lafayette*, protecting children from sex offenders is a legitimate governmental interest. 377 F.3d 757, 773 (7th Cir. 2004) (noting that protecting children from child sex offenders is also a compelling government interest). Thus, the Plaintiff has "the burden to negate every conceivable basis [that] might support [the statute]." *Goodpaster v. City of Indianapolis*, 736 F.3d 1060, 1071 (7th Cir. 2013).

It is apparent that creating a buffer between places where children inhabit and the home of a sex offender may protect the interest of the child from harm. *Vasquez*, 895 F.3d at 525. And the Supreme Court has explained in *Smith*, that a state legislature "could conclude that a conviction for a sex offense provides evidence of substantial risk of recidivism." *Smith v. Doe*, 538 U.S. 84,

103 (2003). Therefore, as the court did in *Vasquez*, this Court must conclude that these statutes are not irrational and grant summary judgment in Defendants' favor as to any substantive due process claim. 895 F.3d at 525.

**B.      This Court should not exercise supplemental jurisdiction over Plaintiff's Indiana Ex Post Facto Claim.**

Under 28 U.S.C. § 1367, "the district court 'may decline to exercise supplemental jurisdiction' over state-law claims if the court 'has dismissed all claims over which it has original jurisdiction.'" *RWJ Mgmt. Co., Inc. v. BP Prods. of N. Am., Inc.*, 672 F.3d 476, 479–80 (7th Cir. 2012) (*quoting* 28 U.S.C. § 1367(c)(3)). Though the decision is discretionary, "when all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims.'" *Id.* (*quoting Al's Serv. Ctr. V. BP Prods. of N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010)). Indeed, though the presumption is rebuttable, "'it should not be lightly abandoned, as it is based on a legitimate and substantial concern with minimizing federal intrusion into areas of purely state law.'" *Id.* (*quoting Khan v. State Oil Co.*, 93 F.3d 1358, 1366 (7th Cir. 1996)). Courts should "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity,' " *City of Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 173 (1997) (*quoting Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)), but, importantly, "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial[,]" *Groce v. Eli Lilly & Co.,* 193 F.3d 496, 501 (7th Cir. 1999).

Here, Defendants have provided this Court with sufficient reasons to dismiss all of Plaintiff's federal claims against them. The only claim remaining is that Plaintiff's designation as an offender against children violates that Indiana Constitution's Ex Post Facto Clause. Because

this claim will require an analysis of Indiana law of which the State Judiciary has a substantial interest in deciding as any decision could directly impact the safety of the State's citizens, this Court should not exercise supplemental jurisdiction over Plaintiff's state law claim. For the foregoing reasons, this Court should decline to extend its supplemental jurisdiction to Plaintiff's pendent state law claims and dismiss the same, without prejudice.

C. **Even if this Court exercises supplemental jurisdiction over Plaintiff's Indiana Ex Post Facto claim, Defendants are entitled to summary judgment on that claim also.**

Defendants are entitled to summary judgment on Plaintiff's Indiana law claim that his designation as an offender against children violates the Indiana Constitution's Ex Post Facto Clause because any challenge to Plaintiff's future designation as an offender against children is not ripe for review.

The doctrine of ripeness is a justiciability doctrine that is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Nat'l Park Hospitality Ass'n v. Dep't of Interior*, 538 U.S. 803, 807–08 (2003) (quoting *Abbott Laboratories v. Gardner*, 387 U.S. 136, 148–49 (1967)). "The ripeness doctrine is 'drawn both from Article III limitations on judicial power and from prudential reasons for refusing to exercise jurisdiction[.]'" *Id.* at 808 (quoting *Reno v. Catholic Soc. Servs., Inc.*, 509 U.S. 43, 57 n.18 (1993).

In order to determine whether an action is ripe for judicial review, two factors must be analyzed: "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." *Id.* Further, Indiana law provides guidance on when Indiana Constitutional challenges are ripe for review, by explaining that ripeness "relates to the degree to

which the defined issues in a case are based on actual facts rather than on abstract possibilities, and are capable of being adjudicated on an adequately developed record." *Ind. Dep't of Envtl. Mgmt. v. Chem. Waste Mgmt., Inc.*, 643 N.E.2d 331, 336 (Ind. 1994). As the Indiana Supreme Court noted in *Jensen v. State*, a challenge to something that could occur several years from now is ex post facto is not ripe for judicial review as the Legislature could change the statute. 905 N.E.2d 384, 396 (Ind. 2009) (Sullivan, J., concurring). Indiana Courts have further found that when an offender had not yet been court-ordered to register, or had not been notified of any requirement to register at that instant time, the claims were not ripe for judicial review. *Gardner v. State*, 923 N.E.2d 959, 960 (Ind. Ct. App. 2009); *Dixon v. Ind. Dep't of Correction*, 56 N.E.3d 47, 52 (Ind. Ct. App. 2016); *contra Nichols v. State*, 947 N.E.2d 1011, 1017 (Ind. Ct. App. 2011) (noting that a challenge to the lifetime registration requirement was ripe for review because the offender was on probation and was required to register as a sex offender); *see also Reid v. State*, 98 N.E.3d 140 at *2–*3 (Ind. Ct. App. April 24, 2018) (unpublished opinion) (noting that an offenders ex post facto claim that he will be deemed an SVP and offender against children upon his release was not ripe for review).

Here, Plaintiff is currently incarcerated within the IDOC and will remain incarcerated for at least the next six years as his earliest possible parole date is August 29, 2025. [Dkt. 95-1, ¶ 11.] Although, Plaintiff previously received a Notice of Intent to Provide Information to Sex and Violent Offender Registry and Right to Appeal, however, that notice pertained to his release onto parole back in 2015 and he will receive a new notice when he is released onto parole again. [Dkt. 95-4.] It is impossible to predict whether the law will remain the same at that time and whether Plaintiff will be required to identify as an offender against children. Accordingly, because he is not currently being required to register as a sex offender, and because he has yet to receive the

15

applicable notice that indicates what he will be able to register as, his claim is not ripe for judicial review and Defendants are entitled to summary judgment.

## V. Conclusion

For the above reasons, Defendants Robert E. Carter, Jr. and Gwendolyn Horth are entitled to summary judgment on Plaintiff's federal due process claims. Further, this Court should not exercise its supplemental jurisdiction over Plaintiff's Indiana Constitutional claim as it would require an analysis of Indiana law of which the State Judiciary has an interest in deciding as any decision would directly impact the State's citizens. Even if this Court does exercise its jurisdiction over Plaintiff's state law claims, Defendants are entitled to summary judgement on that claim as well. Defendants respectfully move the Court to grant summary judgment in their favor and to grant all other relief deemed just and proper by the Court.

          Respectfully submitted,

          CURTIS T. HILL, Jr.
          Indiana Attorney General
          Attorney No. 13999-20

DATE: April 25, 2019        By:    Elizabeth M. Littlejohn
          Deputy Attorney General
          Attorney No. 34097-64

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 W. Washington Street
Indianapolis, IN  46204-2770
Phone:  (317) 234-2355
Fax:    (317) 232-7979
Email:  Elizabeth.Littlejohn@atg.in.gov

## CERTIFICATE OF SERVICE

I hereby certify that on April 25, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system. Notice of this filing will be sent to counsel of record by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

I also certify that a copy of the foregoing has been served upon the parties listed below, by United States mail, first-class postage prepaid, on April 25, 2019:

Alan Kreilein
DOC #871626
Correctional Industrial Facility
5124 West Reformatory Road
Pendleton, IN 46064

By: Elizabeth M. Littlejohn
Deputy Attorney General

OFFICE OF THE INDIANA ATTORNEY GENERAL
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204-2770
Phone: (317) 234-2355
Fax: (317) 232-7979
Email: Elizabeth.Littlejohn@atg.in.gov