UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| ALAN KREILEIN, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No. 1:17-cv-03357-JPH-MPB |
|  | ) |  |
| GWENDOLYN HORTH, *et al.* | ) |  |
|  | ) |  |
| Defendants. | ) |  |

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Alan Kreilein is an inmate at the Correctional Industrial Facility. He brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging that the defendants, the Commissioner of the Indiana Department of Correction and Indiana Parole Board members, have violated his due process rights by labeling him an offender against children. He also asserts that this action violates his rights under the Ex Post Facto Clause of the Indiana Constitution. The defendants moved for summary judgment, Mr. Kreilein has responded, and the defendants have replied. For the following reasons, the motion for summary judgment, dkt. [95], is **GRANTED**.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts are those that might affect the outcome of the suit under applicable substantive law." *Dawson v. Brown,* 803 F.3d 829, 833 (7th Cir. 2015) (internal quotation omitted). "A genuine dispute as to any material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Daugherty v. Page,* 906 F.3d 606, 609–10 (7th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). The Court views

1

the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Barbera v. Pearson Education, Inc.,* 906 F.3d 621, 628 (7th Cir. 2018).

## II. Undisputed Facts

On September 17, 2004, Mr. Kreilein pleaded guilty to Criminal Deviate Conduct as a Class A felony in Cause No. 82D02-0405-FB-416 and was sentenced to thirty years to be served within the IDOC. Dkt. 95-1, ¶¶ 4–5; Dkt. 95-2, p. 26, 95–98. He was not informed he would be classified as a "sexually violent predator" ("SVP") or an offender against children before entering this plea agreement. Dkt. 35, ¶ 3. His conviction for Criminal Deviate Conduct was a result of a crime committed against a 35-year-old woman. Dkt. 95-2, p. 83. On January 8, 2015, Mr. Kreilein signed a Notice of Intent to Provide Information to Sex and Violent Offender Registry and Right to Appeal indicating that he was required to register as a Sex Offender, an SVP, and an offender against children based on his offense for Criminal Deviate Conduct. Dkt. 95-4. He was released onto mandatory parole on June 1, 2015. Dkt. 95-2, p. 61.

On January 11, 2016, Mr. Kreilein was charged with three violations of his parole: 10-8 (Possession of Obscene Material), 10-10 (Unapproved Computer or Electronic Device Usage), and 10-12 (Possess or use of Alcohol or Illegal Controlled Substance). Dkt. 95-2, p. 67–68. He signed a written waiver of his right to a preliminary hearing and pleaded guilty to all three of his violations of parole on January 12, 2016. Dkt. 95-1, ¶ 8; dkt. 95-2, p. 72. He received and signed his Notice of Parole Violation hearing on March 2, 2016. Dkt. 95-2, p. 57. He again pleaded guilty to all three parole violations at his final parole hearing on March 2, 2016. Dkt. 95-1, ¶ 10; dkt. 95-2, p. 54. The Indiana Parole Board assessed him the remainder of his sentence to be served in the Indiana Department of Correction. Dkt. 95-1, ¶¶ 4–5.

Defendant Horth is the Chair of the Indiana Parole Board. *See* dkt. 95-2, p. 1, 37, 56. Defendant Carter is the Commissioner of the IDOC. *See* IDOC, Commissioner's Office, https://www.in.gov/idoc/2347.htm (detailing that the current commissioner is Robert E. Carter, Jr.).

### III. Discussion

Mr. Kreilein claims that his due process rights were violated when he was designated as an SVP under Indiana law because he was not assessed by a psychologist or informed of his SVP designation during his criminal proceeding. He also contends that he should not be classified as an offender against children under Indiana law because he did not commit a crime against a child. The relevant sections of Indiana's criminal code that designated Mr. Kreilein as an SVP and classified him as an offender against children are Ind. Code Sections 35-38-1-7.5 and 35-42-4-11. Section 35-38-1-7.5(a) defines a "sexually violent predator" as "a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense[.]" Section 7.5(b) states: "(b) A person who: (1) being at least eighteen (18) years of age, commits an offense described in: . . . (B) IC 35-42-4-2 (before its repeal) . . . is a sexually violent predator." Section 35-42-4-11(a)(1) provides that a person who has been "found to be a sexually violent predator" is an "offender against children."

The defendants seek summary judgment on Mr. Kreilein's claims arguing that his due process rights were not violated. The defendants also assert that the Court should not exercise supplemental jurisdiction over his state law claim.

A. *Due Process*

The defendants argue that Mr. Kreilein's procedural and substantive due process rights were not violated when he was notified that he will be labeled as an SVP and an offender against children.

1. Procedural Due Process

Mr. Kreilein's due process rights arise from the Fourteenth Amendment of the United States Constitution which prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quoting *Armstrong v. Manzo*, 380 U.S. 545, 552 (1965)). "A procedural due process claim requires the plaintiff to show (1) that he was deprived of a protected liberty or property interest, and (2) that he did not receive the process that was due to justify the deprivation of that interest." *Armato v. Grounds*, 766 F.3d 713, 721–22 (7th Cir. 2014) (citing *McKinney v. George,* 726 F.2d 1183, 1189 (7th Cir. 1984)).

While the defendants agree that Mr. Kreilein has a protected liberty interest in not being labeled erroneously as an SVP, *see Schepers v. Commissioner*, 691 F.3d 909 (7th Cir. 2012) (holding that mistakes in the sex offender registry "implicate a liberty interest protected by the Due Process Clause"), they contend that Mr. Kreilein was afforded adequate process. To determine whether Mr. Kreilein was provided with adequate process, the Court "must balance three factors: '[f]irst, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute

procedural requirement would entail.'" *Schepers*, 691 F.3d at 915 (quoting *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976)).

The Supreme Court has held that where the registration requirement is based directly on the offender's conviction, he receives adequate due process through his criminal proceedings. *Connecticut Dept. of Pub. Safety v. Doe*, 538 U.S. 1, 7 (2003). Mr. Kreilein was convicted of criminal deviate conduct, which is a crime that qualifies for the SVP designation under operation of law. He received due process during his criminal proceedings and could have appealed his conviction or sought post-conviction relief.[1] Thus, no process beyond his conviction is required. Indiana Code § 35-38-1-7.5 defines an SVP as "a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense (as defined in IC 11-8-8-5.2). The statute goes on to include the following in the definition: "(b) A person who: (1) being at least eighteen (18) years of age, commits an offense described in: . . . (B) IC 35-42-4-2 (before its repeal) . . . is a sexually violent predator." Indiana Code § 35-42-4-2, although repealed in 2014, details a conviction for Criminal Deviate Conduct, the crime on which Mr. Kreilein's designation as an SVP is based. *See* Ind. Code § 35-42-4-2 (1998). Thus, by operation of law Mr. Kreilein was designated as an SVP.

Mr. Kreilein's designation as an offender against children is also by operation of law. Indiana Code § 35-42-4-11 defines a "offender against children" as "a person required to register as a sex or violent offender under IC 11-8-8 who has been: (1) found to be a sexually violent

---

[1] Mr. Kreilein appears in his filings to challenge his guilty plea and the revocation of his parole, but those claims must be brought in a habeas action, not this civil rights case. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action.").

5

predator under IC 35-38-1-7.5." Thus, under the statute, because Mr. Kreilein is an SVP, he is also an offender against children.

Mr. Kreilein argues that, to be an SVP, an offender must be found to be "a person who suffers from a mental abnormality or personality disorder that makes the individual likely to repeatedly commit a sex offense," as required by subsection (a) of the statute. But under subsection (b), a person who commits one of the crimes described in that subsection "is a sexually violent predator". The SVP designation can be triggered either by a conviction for one of the crimes described in Indiana Code § 35-38-1-7.5(b) or by a finding under section 35-38-1-7.5(a). There is no requirement that the person also be found to be an SVP under subsection (a) Ind. Code § 35-38-1-7.5; *Conn. Dep't Pub. Safety*, 538 U.S. at 7 (due process does not entitle an offender to a hearing to determine current or future dangerousness if such a finding is not required by the registration statute).

Mr. Kreilein also argues that he cannot be classified as an SVP because the trial court did not indicate on the record that his offense was a qualifying offense, as required by Indiana Code § 35-38-1-7.5(d). But as explained above, a conviction for a qualifying offense under automatically results in the SVP classification by operation of law.

Mr. Kreilein had additional due process when he was provided the "Notice of Intent to Provide Information to Sex and Violent Offender Registry and Right to Appeal." Dkt. 95-4. In addition, after he violated his parole requirements, he was given the opportunity to be heard twice regarding these specific violations. He chose to waive the first hearing. He then pleaded guilty to his violations and appeared before the Indiana Parole Board for his final hearing and there again pled guilty. Dkt. 95-1, ¶¶ 8–10.

2. <u>Substantive Due Process</u>

The defendants also argue that to the extent Mr. Kreilein has raised a substantive due process challenge to his designation as an SVP and offender against children, they are entitled to summary judgment on that claim as well.

Any infringement on Mr. Kreilein's rights comes from the SVP statute, which requires the offender to register as an SVP, and the offender against children statute, which makes it a crime to live within one thousand feet of a school, youth program center, or public park. Ind. Code §§ 35-38-1-7.5, 35-42-4-11.

The Supreme Court has explained that the due process clause prohibits the government from infringing "'fundamental' liberty interests … no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997) (quoting *Reno v. Flores* 507 U.S. 292, 302 (1993)). As a result, there is only a narrow category of recognized "fundamental" rights. They include:

> the rights to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion[.] We have also assumed, and strongly suggested, that the Due Process Clause protects the traditional right to refuse unwanted lifesaving medical treatment.

*Brown v. City of Michigan City, Indiana*, 462 F.3d 720, 732 (7th Cir. 2006) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720–21 (1997). These fundamental rights do not include the right to enter a library or live in a certain place, *see id*, and the designation itself does not implicate a fundamental right. Thus, the restrictions on Mr. Kreilein's rights caused by his designation as an SVP or offender against children are subject to rational-basis review. *See Vasquez v. Foxx*, 895 F.3d 515, 525 (7th Cir. 2018). Under this standard, the relevant question is whether the intrusion on a person's liberty is rationally related to a legitimate government interest. *Id.*

Here, protecting children from sex offenders is a legitimate governmental interest. *See Doe v. City of Lafayette, Ind.*, 377 F.3d 757, 773 (7th Cir. 2004). In addition, creating a buffer between places children inhabit and the home of a sex offender is rationally related to that interest because it may protect children from harm. *Vasquez*, 895 F.3d at 525. Mr. Kreilein therefore has not shown that the restrictions caused by the requirement that he register as an offender against children after his release from prison violates his substantive due process rights.

**B. State Law Claims**

Mr. Kreilein's *ex post facto* claim is rooted in Indiana law. Because this claim was joined with his due process claims, the Court exercised supplemental jurisdiction over it pursuant to 28 U.S.C. § 1367. With the due process claims dismissed, the Court must determine whether it is appropriate to continue to exercise supplemental jurisdiction over the state-law claims and concludes it is not.

When the claim over which a federal court had original jurisdiction is dismissed, the Court has discretion whether to exercise supplemental jurisdiction over remaining state-law claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009); *see* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ."). When deciding whether to exercise supplemental jurisdiction, "'a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

The Seventh Circuit instructs district courts, in the ordinary case, "to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."

*Groce v. Eli Lilly*, 193 F.3d 496, 501 (7th Cir. 1999); *see Sharp Electronics v. Metropolitan Life Ins.*, 578 F.3d 505, 514 (7th Cir. 2009) ("Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits.") (citation and quotation marks omitted). Exceptions to the general rule exist "(1) when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Davis v. Cook Cty.*, 534 F.3d 650, 654 (7th Cir. 2008) (quoting *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251 (7th Cir. 1994)) (internal quotation marks omitted).

None of these exceptions applies here. Rather, this appears to be an "ordinary case" where dismissal of remaining state law claims is appropriate. *Sharp Electronics*, 578 F.3d at 514. The statute of limitations will not have run on Mr. Kreilein's state-law claims, as both federal and state law toll the relevant limitations period when claims are pending in a civil action (except in limited circumstances not present here). *See* 28 U.S.C. § 1367(d); Ind. Code § 34-11-8-1; *see also Hemenway v. Peabody Coal Co.*, 159 F.3d 255, 266 (7th Cir. 1998). In fact, the defendants argue that his state law claims are not yet ripe because he has been returned to prison. The Court has not expended significant resources on the pending state-law claims. The Court decided Mr. Kreilein's due process claims on considerations not relevant to his state-law claims based on Indiana's *ex post facto* clause. Finally, comity favors giving Indiana courts the opportunity to decide issues of Indiana law.

For these reasons, the Court exercises its discretion to relinquish supplemental jurisdiction over Mr. Kreliein's state-law claims and dismisses them without prejudice.

## IV. Conclusion

For the foregoing reasons, the defendants' motion for summary judgment, dkt. [95], is **GRANTED** as to Mr. Kreilein's due process claims. The Court relinquishes supplemental jurisdiction over the remaining state-law claims.

Final judgment consistent with this entry and the screening order of January 11, 2018 (dkt. 26) shall now issue. Mr. Kreilein's federal due process claims are **dismissed with prejudice**, and his *ex post facto* claims based on Indiana state law are **dismissed without prejudice**.

**SO ORDERED.**

Date: 3/12/2020

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

ALAN KREILEIN
871626
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

All Electronically Registered Counsel